IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ERIKSEN, et al., | **REPORT AND RECOMMENDATION** |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-00096-TC-CMR |
| HERBERT, et al., | District Judge Tena Campbell |
| Defendants. | Magistrate Judge Cecilia M. Romero |

Before the court is Defendants Gary Herbert, Spencer J. Cox, Diedre Henderson, Angela Dunn, Joseph K. Minor, and Richard Saunders' (collectively, Defendants) Motion to Dismiss (Motion) (ECF 16) referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) (ECF 4).[1] Pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (Local Rules), the court concludes that oral argument is not necessary and will determine the pending motions based on the written memoranda. For the reasons discussed below, the court recommends the court grant the Motion and dismiss Plaintiffs' Amended Complaint.

### I.   BACKGROUND

On August 3, 2021, Plaintiffs Trevor S. Ericksen, Alena Ericksen, James K. Tracy, Jennifer Curtis Orten, John Walton Orten, and Sophie Arnason Anderson (collectively, Plaintiffs) filed an Amended Complaint against Defendants pursuant to 42 U.S.C. § 1983 for violations of their "First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth, and Fourteenth

---

[1] The court notes Plaintiffs have asserted an "advanced objection" to any order entered by a "Magistrate pursuant to Fed.R.Civ.P. 72" (ECF 13-1 at 3). Notwithstanding, pursuant to Judge Campbell's referral under 28 U.S.C. § 636 (b)(1)(B), the court enters the following Report and Recommendation and refers Plaintiffs to DUCivR 72-2(a)(6).

Amendment" rights (ECF 13). Plaintiffs also assert various state law claims (ECF 13). Plaintiffs allege that beginning in March of 2020, Defendants, in their official capacity, "issued the beginning of a series of executive orders" that restricted the "inherit right to locomotion/travel," "gather freely," "access public accommodations," "right to life," and "right to pursue happiness as they saw fit" (ECF 13 at 6). Plaintiffs include attachments to the Amended Complaint which clarify that the executive orders related to the Covid-19 pandemic and measures put in place such as social distancing, face coverings, and quarantine requirements (ECF 13-1 at 16-95, 98-113, 116-137).

Defendants seek dismissal of the Amended Complaint for several reasons. Defendants argue Plaintiffs lack standing and the Amended Complaint fails to comply with Federal Rule of Civil Procedure 8.[2] Defendants also argue Plaintiffs' have no private right of action for violation of federal criminal statutes, are entitled to Qualified Immunity, the Fifth Amendment is inapplicable, and that Plaintiffs cannot show state constitutional violations. The undersigned finds Defendants' arguments for dismissal based on lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to comply with the pleading requirement of Rule 8 are dispositive and will address each in turn.

## II.   LEGAL STANDARDS

Because Plaintiffs are proceeding *pro se*,[3] the court construes their pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to

---

[2] Though Defendants cite to Federal Rule of Civil Procedure 12(b)(6) in their brief, their argument on lack of standing is properly considered under Federal Rule of Civil Procedure 12(b)(1). *See Montanez v. Future Vision Brain Bank, LLC*, 536 F. Supp. 3d 828, 832 (D. Colo. 2021) (addressing lack of standing argument under Federal Rule of Civil Procedure 12(b)(1) and its relationship with Rule 12(b)(6)).

[3] The court notes that Plaintiffs repeatedly contest their *pro se* status and assert they are proceeding "*sui juris*" (ECF 13 at ¶ 13). For the purposes of this Report and Recommendation the court uses the term *pro se* as Plaintiffs are proceeding without the assistance of licensed counsel.

assume the role of advocate on behalf of pro se litigants. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court reviews the Amended Complaint in light of these standards.

### A. Dismissal Pursuant to Rule 12(b)(1)

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms, facial and factual. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. *Id*. (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). In reviewing a facial attack on the complaint, the court must accept the allegations in the complaint as true. *Id*. Defendants' Motion is a facial challenge.

A dismissal pursuant to Rule 12(b)(1) is "not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter." *Montanez v. Future Vision Brain Bank, LLC*, 536 F. Supp. 3d 828, 832 (D. Colo. 2021). Under Rule 12(b)(1), the court is charged with evaluating the allegations of fact as alleged in the complaint, without regard to conclusory allegations of jurisdiction. *Id*. Plaintiffs bear the burden of establishing subject matter jurisdiction. *Id*.

### B. Dismissal Pursuant to Rule 8

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." *Fontana v. Pearson*, 772 F. App'x 728, 729 (10th Cir. 2019). If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice under Fed. R. Civ. P. 41(b). *Id*.

### III. DISCUSSION

#### A. Dismissal Pursuant to Rule 12(b)(1).

*1. Plaintiffs have failed to allege they have standing.*

Defendants first challenge Plaintiffs' Amended Complaint arguing that this court lacks subject matter jurisdiction because Plaintiffs have failed to satisfy the three elements to demonstrate standing. The court agrees.

Plaintiffs must establish Article III standing to bring their claims. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007). To have standing under Article III of the Constitution, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). The injury-in-fact requirement is "the [f]irst and foremost of standing's three elements," *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotations and citation omitted) (alteration in original), and "helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotations and citation omitted). "[A] plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo, Inc.*, 578 U.S. at 339 (quotations and citations omitted).

   *a. Injury-in-fact*

"The purpose of the injury in fact requirement is to ensure that the litigant has a personal stake in the litigation; the mere presence of an unconstitutional statute on the books by itself does

4

not establishing standing." *McKinley v. Grisham*, No. CV 20-01331 JHR/JFR, 2021 WL 4290178, at *3 (D.N.M. Sept. 21, 2021). The Amended Complaint fails to meet this standard as it lacks sufficient allegations on any particularized harms. While Plaintiffs generally complain that Defendants have "restricted" their "inherit right to locomotion/travel," "gather freely," "access public accommodations," "right to life," and "right to pursue happiness as they saw fit," the Amended Complaint lacks any clarity or detail as to how Defendants' executive orders and measures affected Plaintiffs in a personal and individual way. Plaintiffs' Amended Complaint similarly fails to allege any particular harm to any individual Plaintiff, or to these particular group of plaintiffs collectively.

In their claim for damages, Plaintiffs allege "[a]s a direct result of Defendants' actions Claimants suffered emotional injuries and damages" (ECF 13 at ¶ 179). However, Plaintiffs fail to assert how Defendants' allegedly illegal actions resulted in a particularized harm to them beyond generalized grievances that impacted everyone subject to Defendants' "stay home, stay safe […] directives."

In their Opposition, Plaintiffs argue that they have submitted multiple pre-litigation affidavits and notices to Defendants which went unrefuted and thereby establish "jurisdiction" which Plaintiffs argue meets the standing requirement (ECF 18 at 4). Plaintiffs also cite to various case law and criminal law statutes, mostly from Alabama and Florida, to support their contention that these affidavits and notices are dispositive support for their allegations and establish that Plaintiffs have standing (ECF 18 at 4-5 -). The case references and statutes are not legally relevant as they are not binding Tenth Circuity authority and, in most instances, address a criminal standard not applicable here (ECF 18 at 5). With regard to the vague references to notices and affidavits, it is unclear if Plaintiffs are asking the court to look outside the Amended

Complaint (and its multiple attachments). As this is a facial challenge to Plaintiffs' Amended Complaint, the court is bound to the Amended Complaint and attachments and must accept those as true. *Montanez*, 536 F. Supp. 3d at 832. Assuming Plaintiffs are arguing the multiple attachments to the Amended Complaint establish standing (which exhibits include documents entitled "Notice" and "Affidavit"), Plaintiffs fail to explain how each establishes standing or where the facts to address the standing elements are even addressed. In the court's review of the attachments to the Amended Complaint, there is nothing to support allegations on any particularized harms to each plaintiff. Plaintiffs have therefore failed to articulate an alleged injury-in-fact that is particular to them.

      b. *Causation and Redressability*

In order to establish standing, Plaintiffs must also show that their injury was caused by the alleged actions of the defendants, and that it will be redressed if granted the relief requested. *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1225 (10th Cir. 2008) (citations omitted). Although causation and redressability are often closely related, the twin requirements remain distinct and must be separately met. *Id*. (citations omitted). To demonstrate causation, Plaintiffs must show that his injury is "fairly traceable" to the defendants' actions. *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In the absence of an injury-in-fact the court cannot determine whether Plaintiffs' injury was caused by Defendants and therefore, "we need not consider whether his injury is redressable." *Habecker*, 518 F.3d at 1225 ("In the absence of causation, [plaintiff] has no standing to bring this case, and we need not consider whether his injury is redressable."). Because Plaintiffs' Amended Complaint fails to articulate an alleged injury-in-fact that is particular to them, Plaintiffs have failed to allege proper standing and the court lacks subject matter jurisdiction over their claims.

### B. Dismissal Pursuant to Rule 8.

*1. The Amended Complaint violates the pleading requirements of Rule 8.*

Defendants also argue that the Amended Complaint violates the pleading requirement of Rule 8. Plaintiffs concede that the Amended Complaint "failed to include a brief statement of fact" and attempt to cure the deficiency by attaching a second amended complaint "to satisfy the requirements of Rule 8(a)(2)" (ECF 18 at 3). However, the only relevant pleading is the Amended Complaint as Plaintiffs have neither moved for leave to amend under Fed. R. Civ. P. 15, nor complied with the requirements set out in Local Rule 15-1. Therefore, the court considers only the Amended Complaint in its assessment here.

Plaintiffs' Amended Complaint alleges Defendants issued executive orders that either violated or led to the violation of their constitutional rights. Although Plaintiffs name some of these rights, such as the restriction of their "right to locomotion/travel," their "right to gather freely," and "to access public accommodations," (ECF 13 at 8, 18) and they provide an attachment referring to the Covid-19 global pandemic measures such as social distancing, face coverings, and quarantine requirements (ECF 13-1), Plaintiffs provide no clear, cogent allegations to give Defendants fair notice of Plaintiffs' cognizable claims against each of them. Even when liberally construing the Amended Complaint, its excessive length and scope renders it nearly impossible to discern which claims Plaintiffs are asserting against which Defendants or the grounds supporting any of the claims. The court declines to sift through the innumerable, often incomprehensible, allegations in the Amended Complaint and accompanying exhibits to construct a legal theory on Plaintiffs' behalf. In sum, the court cannot determine what Plaintiffs are specifically alleging in their 171page Amended Complaint and accompanying exhibit (ECF 13-1) and for these reasons, the undersigned recommends that the Amended Complaint be

dismissed for failure to provide a short and plain statement showing that Plaintiffs are entitled to relief.[4]

### C. Plaintiffs Have Filed to Properly Seek Leave to Amend

In their Opposition, Plaintiffs attach a 61-page long proposed "Amended Claim" (Proposed Amended Complaint) (ECF 18-1). However, pursuant to Local Rule 7-1(b) motions are not to be made in a response or reply memorandum. Thus, there is no proper motion for leave to amend before the court and the court declines to accept the pleading as it does not appear to have cured the deficiencies outlined herein concerning the Amended Complaint.

Plaintiffs' Proposed Amended Complaint is 61 pages long and includes the same 47 causes of action as Plaintiffs' Amended Complaint. While the Proposed Amended Complaint includes a more concise "Nature of Claim" that outlines Plaintiffs' claims against Defendants, it still fails to articulate a particularized injury-in-fact required to establish that Plaintiffs have standing to bring their claims.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends the court GRANT Defendants' Motion to Dismiss (ECF 16) and DISMISS Plaintiffs' Amended Complaint without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy,

---

[4] The court declines to consider as premature Defendants' arguments that Plaintiffs have no private right of action for violation of federal criminal statutes, are entitled to Qualified Immunity, the Fifth Amendment is inapplicable, and that Plaintiffs cannot show state constitutional violations until it is clear if Plaintiffs can demonstrate standing and comply with Rule 8.

8

any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

     DATED this 10 Janurary 2021.

                                          _____
                                          Magistrate Judge Cecilia M. Romero
                                          United States District Court for the District of Utah